## WYOMING COAL MINING COMPANY v. STANKO.
### (No. 727.)

MASTER AND SERVANT—ACTION FOR PERSONAL INJURIES—PLEADINGS—
INSTRUCTIONS—TRIAL—SPECIAL FINDINGS INCONSISTENT WITH GEN-
ERAL VERDICT—APPEAL AND ERROR—REHEARING—APPLICATION.

1. In an action against the employer for personal injuries brought by one who had been employed in a coal mine as a driver, and was injured by the failure of a brake on a coal car to work properly, where there was no allegation in the petition that the cars were defective as originally constructed, but the petition charged negligence only in the failure of the defendant to inspect and keep its coal cars in reasonably good repair and safe condition, it was error to submit by an instruction to the jury the question whether defendant was negligent in failing to furnish the plaintiff with safe machinery and appliances for his work.

2. The petition in such action not alleging that plaintiff was inexperienced, and the evidence showing that he was nearly twenty-one years of age, had worked for defendant at its mines for about one and one-half years and in the mine where the injury occurred for about six months, and had been driving regularly in the same entry for about two weeks immediately preceding the injury, and had been helping as an extra driver at different times prior thereto, it was erroneous to instruct the jury that if they found that a minor employe did not understand all the dangers and hazards of the situation in which he was placed by the foreman, and that it was a dangerous and hazardous situation in which to place a boy of his age, judgment and experience, then it was the duty of the foreman to instruct him in respect thereto, that he might conduct himself so as to guard against such peril; and such instruction was prejudicial to the defendant.

3. The jury in such action having found a general verdict for the plaintiff and in answer to special interrogatories found

that the system of inspection of cars in use by the defendant company was the same as that used by other coal companies generally, that there was no evidence how long the defect causing the injury had existed or whether defendant had notice or knowledge of the existence of such defect for a sufficient time before the accident to have enabled it to repair the defect, and the court having instructed the jury that if the manner of inspection followed by the defendant was the same as that in common use by employers in the same line of business, the defendant would not be negligent in the matter of inspection and the verdict should be for defendant, and further, that if the jury should find that the coal car and brake in question were not originally of defective construction or material, but that the injury resulted solely from a want of repair, then, before the defendant would be liable upon a charge of negligence for failure to repair, notice of the necessity for such repair must be given to the defendant, such notice to be either actual notice or proof that the brake in question was in disrepair for such a length of time that the defendant could have discovered the same by the exercise of ordinary diligence; *Held,* that since it was not alleged in the petition that the brake was originally of defective construction or material, the general verdict was inconsistent with the special findings, entitling the defendant to a new trial.

4.   Having found that there was no evidence of the length of time the car or brake had been out of repair, and that there was no evidence that the defect had existed for a sufficient length of time before the accident to have enabled the defendant to repair the same, the jury was not warranted in assuming that such defect had existed for a sufficient time before the accident to have been discovered by defendant through the exercise of reasonable diligence, and for it to have repaired the same or to have warned plaintiff of the defect and the danger in using the car.

ON PETITION FOR REHEARING.

5.   The statements in the petition *held* to charge specifically that the cars were in disrepair, and for that reason were unsafe and dangerous, and that in negligently furnishing such unrepaired cars the company violated its duty to furnish reasonably safe appliances, and to negative the idea that the cars were originally defective or not sound and good.

6. To repair means "to restore to a sound or good state after decay, injury, dilapidation, or partial destruction." Disrepair means, "the state of being in need of repair."

7. The sufficiency of a complaint in an action for personal injury which undertakes to define the particular negligence which caused the injury must be tested by the special allegation in that respect, although the general allegation of negligence would, in the absence of such special allegagations, be sufficient to make a prima facie case of negligence.

8. Had the jury found that the cars had been in disrepair for some definite time before the accident, it would still have been a question of fact for the jury's consideration, whether or not that was a sufficient length of time under all of the circumstances for it to have been discovered by the exercise of reasonable diligence.

9. An application for rehearing should be by petition and not by motion.

[Decided November 3, 1913.]          (135 Pac. 1090.)
[Rehearing denied Feb. 3, 1914.]          (138 Pac. 182.)

ERROR to the District Court, Sheridan County; HON. CARROLL H. PARMELEE, Judge.

The action was brought by Paul Stanko against the Wyoming Coal Mining Company to recover damages for a personal injury alleged to have been received by the plaintiff while in the employ of the defendant in its coal mine, and through its negligence. A general verdict was returned in favor of the plaintiff for $3200, and judgment was rendered against the company upon the verdict. In connection with the general verdict the jury returned answers to special interrogatories as follows: "Q. 1. How did the plaintiff receive the injuries complained of in his petition? Ans. By loaded car passing over arm. Q. 2. What defect, if any, in said brake caused said accident? Ans. Evidence shows missing bolt or weak bolt. Q. 3. Did the defendant company maintain the usual and customary place and men for the repair of its coal cars? Ans. Yes. Q. 4. Did the defendant company instruct its drivers, including plaintiff, to inspect the brakes on all coal cars and report same for repairs when found defective? Ans. No. Q. 5. Was the

system of inspection of cars in use by defendant company the same as that used by other coal companies generally? Ans. Yes. Q. 6. How long had said defect existed? Ans. No evidence. Q. 7. Did defendant have notice or knowledge of the existence of said defect for a sufficient time before the accident to have enabled it to repair the defect? Ans. No evidence as to time. Q. 8. Did the plaintiff have equal knowledge with the defendant of the condition of said brake? Ans. No. Q. 9. Could the plaintiff by the exercise of ordinary care have ascertained that the brake was defective and in an unsafe condition and liable to expose him to danger? Ans. No." At the close of the evidence for plaintiff the defendant moved for a directed verdict, which was denied, and on the return of the verdict and special findings the defendant moved for judgment in its favor, which was also denied. The defendant brought error. The other material facts are stated in the opinion.

*Lonabaugh & Wenzell,* for plaintiff in error.

The construction placed by the plaintiff, ·defendant and the court, until the jury were instructed, upon the paragraph of the petition alleging negligence was that the defendant company was charged only with negligence in failing to exercise due care and diligence in the inspection and repair of its coal cars. And that seems to be the correct construction of the allegation. The petition cannot be properly construed as charging a failure in the first instance to furnish and provide the plaintiff with safe machinery and appliances. Therefore, when the court by its instructions gave the case the aspect of presenting two charges of negligence, it was a surprise to the defendant, and the action of the court in that respect was reversible error. The charge of negligence included in the instruction with reference to the furnishing of safe machinery and appliances in the first place was not met or considered by the defendant, nor was any evidence offered as to that matter by either the plaintiff or the defendant. Again, the instruction thus complained of is sub-

ject to the objection that it demands a greater degree of diligence on the part of the company than the law requires. It makes the company an insurer of the safety of its employes. (I White on Pers. Inj. on Rds. Sec. 13). It is reversible error to instruct on an erroneous theory, different from that on which the case was tried, and on issues upon which there was no evidence. (Morrow v. Ry. Co. 67 N. W. 1002; Cooper v. Water Co., 116 Pac. 298; Obenchain v. Town of Roff, 116 Pac. 782; So. Ry. Co. v. Wiley, 71 S. E. 11; Creteau v. Ry. Co., 129 N. W. 855; Montgomery v. Ry. Co. 114 Pac. 659; Frick-Reid Supply Co. v. Aggers, 114 Pac. 622; Williams v. So. Pac. R. Co., 110 Cal. 457, 42 Pac. 974; Jackson v. Ackroyd, 15 Colo. 583; Kenna v. Am. Box Toe Co., 128 N. W. 858; Cornell v. Haight, 127 N. W. 901; Yager v. Ry. Co. 123 N. W. 974; Whitsett v. Ry. Co., 25 N. W. 107).

It was error to refuse each of the instructions requested by the defendant as the same appear in the bill of exceptions for the reason that the defendant was entitled to such instructions on the theory on which the case was tried. (Coal Co. v. Estievenard, (Ohio) 40 N. E. 725). The motion for a directed verdict in favor of the defendant should have been granted. Also the motion for judgment *non obstante veredicto* on the same theory, viz: that the action was one based upon defective machinery, caused by ordinary wear, and before the plaintiff could recover it was necessary for him to show that the defective condition had existed long enough before the accident that the company could have had actual or constructive knowledge thereof and time to repair the defect. Special findings of fact when inconsistent with a general verdict control the latter and the court must give judgment accordingly. (Wyo. Comp. Stat. 1910, Secs. 4510, 4511, 4512). This court has held that a general finding is controlled by special findings. (Parker v. Meadows, 122 Pac. 586). The answer of "no evidence" to the sixth and seventh interrogatories includes negligence on the part of the defendant, for it is elementary that knowledge of the

defective condition of the machinery or appliance causing the injury must be brought home to the defendant by proper proof before any liability attaches, though the knowledge may be either actual or constructive. (Patten v. Ill. Cent. Ry. Co., 179 Fed. 530; Ry. Co. v. Wilfong, 90 N. E. 307; Atchison &c. Ry. Co. v. Taylor (Kan.) 57 Pac. 973; Arcade File Works v. Juteau, 40 N. E. 818; Mo. Pac. Ry. Co. v. Dorr, (Kan.) 85 Pac. 533; Beech v. Ry Co., 116 Pac. 213; Pullman Co. v. Finley, 125 Pac. 385). The following cases sustain the general rule that want of notice of the defective condition of the machinery is fatal to plaintiff's cause of action. Pittsburg Ry. Co. v. Adams, 5 N. E. 187; Robinson v. Sylvester Tower., (Mass.) 90 N. E. 413; Kirby v. Montgomery Bros., (N. Y.) 90 N. E. 53; Defrates v. Cent. U. T. Co., (Ill.) 90 N. E. 719; Henson v. Lehigh V. R. Co., (N. Y.) 87 N. E. 85; St. Louis &c. R. Co. v. Harper, 44 Ark. 524; Boxle v. Mfg. Co., (Ga.) 40 S. E. 730; Chgo. &c. R. Co. v. Platte, 89 Ill. 141; R. R. Co. v. Wagner, (Kan.) 7 Pac. 204; Coal & M. Co. v. Britton (Kan.) 45 Pac. 100; Skellenger v. R. R. Co., (Ia.) 14 N. W. 152; Girard v. Griswold, (Mass.) 58 N. E. 179; Murphy v. R. R. Co. (Minn.) 71 N. W. 662; Hollenbeck v. Mo. Pac. R. Co. (Mo.) 38 S. W. 723; Essex &c. Co. v. Erie R. Co. 49 Barb. 324; Bauschka v. West. C. & C. Co., 129 S. W. 1095; Wadell v. Simonson, (Pa.) 4 Atl. 725; Baker v. R. Co., 40 Am. Rep. 634; Mixter v. Coal Co., (Pa.) 25 Atl. 587; R. R. Co. v. Hughes, (Pa.) 13 Atl. 286; West v. Town Co., (N. C.) 69 S. E. 687; Mfg. Co. v. Racine, (Ind.) 88 N. E. 529; Brase v. Chicago U. T. Co., (Ill.) 142 Ill. App. 117; McGinley v. Lehigh C. & M. Co., (Pa.) 73 Atl. 532; Washington &c. Co. v. Taylor (Va.) 64 S. E. 975; Reed v. R. R. Co., 167 Fed. 16; Bundy v. Lumber Co., (Cal.) 87 Pac. 622; Alves v. R. R. Co., 65 Atl. 261; Solts v. S. W. Cotton Oil Co., 115 Pac. 776).

By the answers to the third and fifth interrogatories also the jury acquitted the defendant of any negligence. (Guinard v. Knapp, (Wis.) 70 N. W. 671; Prybilski v. Coal Co.

(Wis.) 74 N. W. 117; R. R. Co. v. Locke, 14 N. E. 391;
R. R. Co. v. Webb, 12 O. St. 475; Burns v. R. Co., 38 Atl.
926; Ry. Co. v. Tindall, 48 Pac. 12; R. Co. v. Bates, 45 N.
E. 108; Coin v. Lounge Co., 25 L. R. A. (N. S.) 1179;
Sappenfield v. R. Co., (Cal.) 27 Pac. 590; Stringham v.
Stewart, (N. Y.) 18 N. E. 870, 25 N. E. 1071; R. R. Co.
v. Smithson, (Mich.) 7 N. W. 791; 1 White Pers. Inj. on
Rds., Sec. 250; Cordy v. Coal & Coke Co., (Mo.) 132 S. W.
21; Brownlee v. Coal Co., 31 S. W. 453; Titus v. R. Co.,
(Pa.) 20 Atl. 517; Choctow Co. v. Nichols, 53 S. W. 475).
There is no liability for failure to inspect unless it is shown
that inspection would have discovered the defect. (Roden
v. Daniel, 132 S. W. 23). Where the undisputed evidence
shows that the machinery in question was the kind in general
use and reasonably safe, if prudently used, there is no liabil-
ity. (Coal Co. v. Hayes, (Pa.) 18 Atl. 387). The doctrine
of *res ipsa loquitur* does not apply to injuries to servants in
the employ of their masters. (Patten v. T. & P. Ry. Co., 21
Sup. Ct. Rep. 275).

*Metz & Sackett,* for defendant in error.

The petition charges the defendant with negligence: 1.
In furnishing a dangerous, defective and unsafe appliance.
2. In not inspecting its appliances. 3. In not repairing its
appliances. Its allegations are sufficient to charge negli-
gence in the furnishing of an originally defective, unsafe,
and dangerous appliance, and to permit the introduction of
evidence in support thereof. (Guthridge v. Mo. Pac. Ry.
Co., 94 Mo. 468, 7 S. W. 476). The evidence is sufficient to
sustain the verdict and the judgment on the ground that the
defendant knowingly and negligently furnished defective,
unsafe and dangerous appliances. The jury found that the
plaintiff did not have equal knowledge of the condition of
the brake with the company; that he could not by the exer-
cise of ordinary care have ascertained that the brake was
defective and unsafe; and that the company never instruct-
ed him to inspect the brakes on the cars used by him and to

report them for repair when found defective. It follows that by the general verdict as well as the special findings the plaintiff was entitled to depend upon the brake standing the usual method of operating it; that the company knowingly sent defective cars into the mine for plaintiff's use; that the brake was originally defective; that the bolts used by the company in the brake were bad and were not properly adjusted.

The principal question in the case is not one of inspection. The company had repeated notice of the defective condition of its cars and especially the brakes. It was not necessary that the company should know the particular defect in the car or appliances if it had notice that the car or appliance was defective. The duty to furnish safe appliances and to inspect is positive and continuing and cannot be delegated. Risk from failure to inspect is not assumed, and negligent ignorance is no defense. (Brann v. C. R. I. & P. R. Co., 36 Am. Rep. 243; Nor. Pac. Ry. Co. v. Herbert, 6 Sup. Ct. Rep. 590; Ford v. Fitchburg R. Co., 110 (Mass.) 240, 14 Am. Rep. 598; Ry. Co. v. Busch, (Tex.) 65 S. W. 681; Peirson v. Ry. Co., 65 N. Y. Supp., 1039, 53 App. Div. 363; Mo., K. & T. Co. v. Murphy, (Kan.) 52 Pac. 863; Ry. Co. v. Davis, (Tex.) 65 S. W. 217; Ry. Co. v. Lindsey, (Tex.) 65 S. W. 668; Bailey v. Ry. Co., (N. Y.) 34 N. E. 918; Byrne v. Eastman Co., (N. Y.) 57 N. E. 738; Houston v. Bush, (Vt.) 29 Atl. 380; Boyce v. U. P. R. Co., (Utah) 31 Pac. 450; Eddy v. Min. Co., (Mich.) 46 N. W. 17; Donohue v. Drown, (Mass.) 27 N. E. 675; Blanton v. Dold, (Mo.) 18 S. W. 1149; Mooney v. Lumber Co., (Mass.) 28 N. E. 352; King v. Ry. Co., 14 Fed. 277; Dyas v. Ry. Co., (Cal.) 73 Pac. 972; Koreis v. Ry. Co., 108 Minn. 449, 122 N. W. 668, 133 Am. St. Rep. 462; Marble Co. v. Black, (Tenn.) 14 S. W. 479; Ry. Co. v. Miller, (Tex.) 61 S. W. 978; Coal Co. v. Kiszel, 25 C. C. A. 566, 80 Fed. 470; Smith v. Ry. Co., (Tex.) 65 S. W. 83; Baker v. R. R. Co., 95 Pa. St. 211, 40 Am. Rep. 634; Poseyville v. Lewis, (Ind.) 25 N. E. 593; Ft. Wayne v. Patterson, (Ind.) 29

N. E. 167; Martin v. McCrary, 89 S. W. 324). If it is probable that the bolt was originally defective, or that it was defectively placed and that its weakness or absence or other defects therein could have been discovered if inspected, that will be sufficient to sustain the general verdict. (Davis v. Guarniere, (Ohio) 15 N. E. 350; Eddy v. Min. Co., *supra;* Boyce v. U. P. R. R. Co., *supra*).

The company would not be entitled to judgment upon the special findings. The issues of the pleadings only will be considered in determining whether special findings cover all the issues and whether they are so inconsistent with the general verdict that judgment should be rendered thereon. (20 Ency. Pl. & Pr., 358, 359; McDermott v. Higby, 23 Cal. 489; Cox v. Ratcliffe, (Ind.) 5 N. E. 5; Weller v. Becktell, (Ind.) 28 N. E. 333; Ry. Co. v. Smock, (Ind.) 33 N. E. 108; Ft. Wayne v. Patterson, (Ind.) 29 N. E. 167). If a party desires a full answer to a question it should be requested before the jury are discharged, otherwise it is waived. (Arthur v. Wallace, 8 Kan. 267; Powder Co. v. Viergutz, 6 Kan. 471). Where special findings are so uncertain and inconsistent that they will not support a judgment in favor of the moving party, the general verdict must govern. (Rice v. Manford, (Ind.) 11 N. E. 283; Davis v. Reamer, (Ind.) 4 N. E. 857; Ry. Co. v. Savage, (Ind.) 9 N. E. 85). The special findings in this case are not controlling. They are not inconsistent with the general verdict, and do not cover the whole case. (C. B. & Q. Ry. Co. v. Morris, 16 Wyo. 308; 20 Ency. Pl. & Pr. 357, 358, 359, 360, 361, 362, 363; Weller v. Becktell, *supra;* Cox v. Ratcliffe, *supra;* Ry. Co. v. Smock, *supra;* McDermott v. Higby, *supra;* Davis v. Guarniere, *supra;* Ry. Co. v. Dunlevy, (Ill.) 22 N. E. 15; Davis v. Reamer, *supra;* Rice v. Manford, *supra;* Ft. Wayne v. Patterson, *supra;* Larkin v. Upton, 144 U. S. 19; Poseyville v. Lewis, *supra;* Wyandotte v. Gibson, 25 Kan. 236; Ry. Co. v. Pointer, 14 Kan. 37; McComos v. Haas, (Ind.) 8 N. E. 579; Redelsheimer v. Miller, 107 (Ind.) 485; 8 N. E. 447; Street Ry. Co. v. Grand Rap-

ids & I. R. Co., (Ind.) 18 N. E. 182; Bank v. Peck, 8 Kan. 660; Hawley v. Ry. Co. 71 (Ia.) 717; Ry. Co. v. Savage, (Ind.) 9 N. E. 85; Ry. Co. v. Ritz, (Kan.) 6 Pac. 533; Garretty v. Brazell, 34 Ia. 100). What other companies may have done as to inspection is immaterial. (Ry Co. v. Davis, (Tex.) 65 S. W. 217).

(In support of motion for rehearing). There was evidence showing original defect in the brake, in that the kind of bolts used were too small and weak and the evidence was not objected to; on the contrary, much of the evidence was introduced by the defendant, and therefore it cannot complain of its admission. The only question, then, is whether under the petition the question of original defect was proper to submit to the jury, since the evidence went in without objection. If it might be amended so as to allege an original defect the judgment ought not to be reversed on the ground of the absence of such an allegation. (Rainsford v. Massengale, 5 Wyo. 1; Mangum v. Min. Co., (Utah) 50 Pac. 834). It is true the word "original" is not used in the petition describing the defect, but we do not think that was necessary so long as the petition indicated that at the time the brake was furnished it was defective and unsafe from whatever cause. We find no cases holding it necessary to allege or specify that the defect causing the accident was in the original construction of the appliance, but it seems to be the general rule that it is not material whether the defect was in the original construction or arose from want of repair. An allegation of original defect is not inconsistent with an allegation of negligence in the matter of inspection, and when both are alleged in the same paragraph, as in this petition, they should be construed together, and not so as to make one qualify the other. (Wells v. R. R. Co., 232 Pa. St. 330, 81 Atl. 330; R. R. Co. v. Brinker, (Tex.) 3 S. W. 99; Merica v. Traction Co. (Ind.) 97 N. E. 192; Glass Co. v. Hazen Conf. Co., 97 N. E. 627; Miami Coal Co. v. Gardner, (Ind.) 97 N. E. 942; Roberts v. Vroom, (Mass.) 98 N. E. 687; Rogers v. Truesdale, (Minn.) 58 N. W. 688;

Verlinda v. S. & W. Eng. Corp., (Mont.) 119 Pac. 573; Am. C. & F. Co. v. Barry, 195 Fed. 919; Express Co. v. Wahl, 168 Fed. 848; Joseph v. St. Ry. Co., 107 S. W. 1055; Dlauhi v. Ry. Co., 139 Mo. 291, 40 S. W. 890.) The instruction to the effect that if the system of inspection followed by the defendant was the same as that in common use by employers in the same line of business then the defendant would not be negligent in the matter of inspection was given at the request of the defendant, and is erroneous, since it invaded the province of the jury upon a question of evidence, and does not correctly state the law. (Ry. Co. v. Davis, 65 S. W. 217). This instruction was not mentioned in the bill of exceptions or in the motion for new trial, and it should not be considered as ground for holding the answers to interrogatories inconsistent with the general verdict. The jury evidently followed the theory of the case shown by the instructions, including defective appliance as well as failure to inspect and repair, and we think it reasonable to construe the action of the jury as showing their belief that the bolt was originally defective and that the company knew or ought to have known of that condition.

. BEARD, JUSTICE.

This was an action brought by the defendant in error against the plaintiff in error to recover damages for a personal injury alleged to have been sustained by reason of the negligence of plaintiff in error. The case was tried to a jury in the District Court of Sheridan county and resulted in a verdict and judgment in favor of the plaintiff below for $3,200. Seeking a reversal of that judgment defendant below brings the case here on error.

The plaintiff in his petition, after alleging that defendant was operating a coal mine, that he was employed therein as a driver, and the duty of defendant to furnish and keep in repair reasonably safe cars and appliances for the use of plaintiff, alleged, "That on or about January 25, 1910, while plaintiff was so employed as aforesaid by the defendant company in its said mine, and while plaintiff was conveying

two loaded coal cars in the usual and regular manner from one place in the mine to another place therein, in the course of his said employment, it became necessary for the plaintiff to set the brakes upon said cars. That the situation was such that the plaintiff was required in order to control the said coal cars, to pass ahead of the rear car and to set the brake upon the front car, which plaintiff attempted to do, and in attempting to set the brake upon the said front car, in the course of his employment aforesaid, and while this plaintiff was attempting to set the said brake upon the front car, the said brake broke by reason of being in disrepair, and being in an unsafe and dangerous condition, and threw this plaintiff between the cars undereath the wheels of the rear car, which ran over plaintiff's left arm, breaking, bruising, crushing and shattering his arm so that it became necessary to have said arm amputated between the elbow and the shoulder, totally and permanently disabling this plaintiff, and bruising and injuring the body of this plaintiff, by reason of which said injuries, the plaintiff suffered great pain," etc. "That plaintiff had no knowledge of the defective condition of the said brake, car brakes or cars or conditions causing said injury and was without fault or negligence on his part causing or contributing to said injury. That the injuries to the plaintiff as aforesaid were caused by the negligence and carelessness of the defendant company, in that the defendant company did not furnish or provide the said plaintiff with safe machinery and appliances with which to work, and did not repair the brake and appliances upon said coal cars, with which this plaintiff was required to work, and did not exercise reasonable care in the furnishing of said coal cars and appliances to this plaintiff, and that if the said defendant company had exercised due care and diligence in the inspection and repair of said cars, that the same would have been in safe condition for this plaintiff to have used, and by reason of the said negligence and carelessness of the said defendant company in the matters aforesaid, the plaintiff was injured as aforesaid; that at the time of furnishing the said coal cars to

plaintiff for use in said mine, the said defendant knew or by the exercise of proper care would have known that such coal cars and the brakes thereon were in disrepair and dangerous and unsafe. That immediately before and at the time of receiving the said injuries as aforesaid, as hereinbefore set forth, this plaintiff was a robust, strong, and healthy young man, twenty years of age, and that he was earning at said time $88.00 per month, but by reason of said injuries, he has been totally and permanently disabled and has been required to expend money for surgical attendance, all to his damage in the sum of $40,000."

The answer of defendant admitted that it was a corporation engaged in the coal mining business; that it used railroads and coal cars for the purpose of transporting coal from where it was mined to the surface of the ground; that plaintiff was in the employ of defendant on or about January 25, 1910, and that while so employed and working for defendant he met with an accident and received some injury; and denied the other allegations of the petition. Alleged that the injury to plaintiff, on which the action was based, was due solely and alone to the negligence and want of proper care on the part of plaintiff and was not caused or contributed to by the defendant. "That said plaintiff had full, actual, complete personal notice and knowledge of the condition of defendant's said mine, of its mine cars, the manner in which the same were kept and operated by defendant, the general method and manner in which defendant conducted its said business and of all dangers incident to and connected with said business, including the danger of the accident and injury to plaintiff referred to in his petition herein, and with such knowledge, on his part, said plaintiff assumed all risk of accident and injury to himself by reason of his said employment including the risk and danger of the accident and injury to him, as set forth in his petition herein." ·

The reply denied the new matters set up in the answer.

The plaintiff's account of the accident as detailed in his testimony is, in brief, that he had been working for the

defendant at the mines for about a year and a half and at the mine where he was injured for six months. That at the time he was injured and for about two weeks prior thereto he was employed as a regular driver in the ninth west entry in the mine, hauling empty coal cars from the parting on the main slope to room thirty-four and hauling the loaded cars from the room to the parting, a distance of about a quarter of a mile, using a horse for that purpose, and that he took two cars at each trip. That prior to this time he had been helping as an extra driver at different times. That part of the track from the room to the parting was down grade rendering it necessary to use the brakes on the loaded cars to regulate their speed. That he worked eight hours a day and made a trip about every twenty or twenty-five minutes. That on the day he was injured he started with two loaded cars from the room to the parting, riding on the bumper of the rear car, and when he tried to set the brake on that car he could not set it "because that lever was a bad one and wouldn't feed into the ratchet." That the cars commenced to run fast and he jumped off and ran along side the cars to the front car and tried to set the brake on it when something gave way in the brake and he fell between the cars and the rear one ran over his arm causing the injury. It appears from the testimony of other witnesses for plaintiff, who were also drivers in the mine, that the cars were derailed some distance further on toward the parting; that a bolt in the brake of the front car was missing and that the rear car was marked "shop" and the blocks were worn down. That cars so marked were out of repair and should be sent to the shop for repairs. As one of plaintiff's witnesses put it, "That means they had to take that car out and fix it." There was testimony on part of plaintiff that cars marked "shop" were frequently sent into the mine and used by the drivers unless they themselves saw something out of repair on such cars. As to the method of inspection of cars, the instructions given to drivers with reference to examining cars before using them and what they were to do with cars marked "shop," the evidence is conflicting.

The court, over defendant's objection, instructed the jury that "The negligence complained of consists of two parts: First, that the defendant company did not furnish and provide the plaintiff with safe machinery and appliances for his work; second, that the said company failed to repair the brake and appliances upon the coal cars which were then in charge of the plaintiff, and that by reason of the defect of such brake and the failure of the defendant company to repair the same, the plaintiff was injured." There is no allegation in the petition that the cars were defective as originally constructed or wherein such construction was defective. We think a fair construction of the petition is, that the only negligence charged, as the cause of the injury, was the alleged failure of the defendant to inspect and keep its coal cars in reasonably good repair and safe condition; and not that the cars were unsafe by reason of improper or defective construction. There is no allegation in the petition that the cars as originally constructed were not properly constructed, safe and suitable for the purpose for which they were used. It is alleged that the defendant failed to furnish reasonably safe cars, but this failure is alleged to be because it failed to properly inspect and repair. We think the instruction might well tend to confuse the jury as to the issues presented by the pleading, and we are inclined to believe it did so from the second special finding, which question and answer were as follows: Q. "What defect, if any, in said brake caused said accident?" Ans. "Evidence shows missing bolt or weak bolt." But if this was the only matter complained of we would not feel warranted in reversing the judgment on that ground alone.

The court, over defendant's objection, instructed the jury, "If you find that a minor employe did not understand all the dangers and hazards of the situation in which he was placed by the foreman, and that it was a dangerous and hazardous situation in which to place a boy of his age, judgment and experience, then it was the duty of the foreman to instruct him in respect thereto, that he might con-

duct himself so as to guard against such peril." This instruction was beyond and outside the issues presented by the pleading. The petition contains no allegation that plaintiff was inexperienced; and the evidence shows that he was nearly twenty-one years of age, had worked for defendant at its mines for about a year and a half and in this mine for about six months, had been driving regularly in the same entry in this mine for about two weeks and had been helping as an extra driver at different times prior thereto. The instruction was erroneous and we think prejudicial to the defendant.

The 5th, 6th and 7th interrogatories submitted by the court to the jury with the answers of the jury thereto are as follows:

Int. 5. "Was the system of inspection of cars in use by defendant company the same as that used by other coal companies generally. Ans. "Yes."

Int. 6. "How long had said defect existed?" Ans. "No evidence."

Int. 7. "Did defendant have notice or knowledge of the existence of said defect for sufficient time before the accident to have enabled it to repair the defect?" Ans. "No evidence as to time." It is urged by counsel for defendant that the general verdict is in conflict with these special findings and that judgment should have been given in its favor notwithstanding the general verdict for plaintiff, under the instructions of the court to the jury. The court instructed the jury, "You are instructed that if it appears from the evidence that the manner of inspection followed by the defendant was the same as that in common use by employers in the same line of business as the defendant was engaged in at the time of the accident, then the defendant would not be negligent in the matter of inspection and your verdict should be for defendant." It appears clear to us that if the jury followed that instruction and found the fact to be as stated in its answer to the fifth interrogatory, there was an irreconcilable conflict between the special finding and the general verdict. The court also gave

the following instruction to the jury: "You are instructed that if you find from the evidence that the coal car and brake in question were not originally of defective construction or material, but the injury resulted solely from a want of repair, then before the defendant would be liable upon a charge of negligence for failure to repair, notice of the necessity for such repair must be given to the defendant; such notice must be either actual notice to the defendant or one of its officers or proof that the brake in question was in disrepair for a sufficient length of time that the defendant could have discovered the same by the exercise of ordinary diligence." As we have already said, there was no allegation that the brake was originally of defective construction or material, and there was no evidence of actual notice that it was out of repair; and the jury having found that there was no evidence of the length of time it had been out of repair, and that there was no evidence that the defect had existed for a sufficient length of time before the accident to have enabled the defendant to repair the same, the jury was not warranted in assuming that such defect had existed for sufficient time before the accident to have been discovered by the defendant by the exercise of reasonable diligence and for it to have repaired the same or to have warned plaintiff of the defect and the danger in using the car. The general verdict in favor of plaintiff was inconsistent with these special findings under the instruction last quoted. The statute, section 4511, Comp. St. 1910, provides, in cases like this one, "in all cases the court may instruct the jurors, if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon; and the verdict or finding must be filed with clerk and entered on the journal." That was done in this case. (Section 4512 id). "When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court may give judgment accordingly." The defendant moved the court for judgment on the special findings notwithstanding the general verdict, which motion

was denied.   On a consideration of the entire record we are
of. the opinion that the motion was properly denied, but
that the court should have set aside the verdict and granted
a new trial.   For the reasons above stated the judgment is
reversed and the cause remanded for a new trial.

*Reversed.*

Scott, Chief Justice, concurs.

Potter, Justice, being ill, did not participate in the
opinion.

### ON MOTION FOR REHEARING.

Beard, Justice.

The defendant in error has filed a motion for a rehearing
in this case in which the point most strongly urged is that
we were in error in holding that a fair construction of the
petition is, that the only negligence charged as the cause of
the injury was the alleged failure of the defendant to in-
spect and keep its coal cars in reasonably good repair and
safe condition, and not that the cars were unsafe by reason
of improper or defective construction. The allegations of
the petition are quoted in the opinion, 135 Pac. 1090, and
need not be repeated here.   The statements are that "the
said brake broke by reason of being in disrepair, and being
in an unsafe and dangerous condition."   "That defendant
company did not furnish or provide the said plaintiff with
safe machinery and appliances with which to work, and
did not repair the brake and appliances upon said coal cars
* * *, and did not exercise reasonable care in the furn-
ishing of said coal cars and appliances to this plaintiff, and
that, if the defendant company had exercised due care and
diligence in the inspection and repair of said coal cars, the
same would have been in safe condition," etc.   "That at
the time of furnishing the said coal cars to plaintiff for
use in said mine the said defendant knew, or by the exer-
cise of proper care would have known, that such coal cars
and the brakes thereon were in disrepair and dangerous
and unsafe."   It appears clear to us that the petition speci-
fically charges that the cars were in *disrepair,* and for that

reason were unsafe and dangerous, and that in negligently furnishing such unrepaired cars the company violated its duty to furnish reasonably safe appliances. The brake broke by reason of being in *disrepair.* The company did not *repair* the brake. If the company had exercised due care in the inspection and *repair* of said cars they would have been in safe condition. Each and all of these allegations direct the attention to the matter of repair. To repair means, "To restore to a sound or good state after decay, injury, dilapidation, or partial destruction." Disrepair, means, "The state of being in need of repair." (Webster's New International Dictionary). The specific allegations that the cars were in disrepair negatives the idea that they were originally defective or not sound and good. Counsel argues at length that as the petition alleges that the defendant negligently failed to furnish safe appliances, that this general allegation was sufficient to admit proof of original defects. If it be conceded that such general allegation would be good against a general demurrer, there is another rule applicable here, viz: "The sufficiency of a complaint in an action for personal injury which undertakes to define the particular negligence which caused the injury must be tested by the special allegation in that respect; although the general allegation of negligence would in the absence of such special allegations be sufficient to make a *prima facie* case of negligence." (Thompson's Commentaries on the Law of Negligence, Vol. VI, Sec. 7452). In Hawker v. B. & O. R. R. Co., 15 W. Va. 628, 641, 36 Am. Rep. 825, the court said: "There was no necessity for the plaintiff to allege in his declaration what were the negligent acts of omission or commission of the defendant, or when they took place, specifically; but having done so, his proof must correspond to his allegations in his declaration, or he cannot recover." The rule is fully supported by the cases cited in the note to the section of Thompson quoted from.

It is urged that we were in error in holding that under the special findings the jury was not warranted in assuming that the defect had existed for sufficient time before the

accident to have been discovered, etc.; and it is now said that interrogatory 7 presented a question of law. We do not think so. Had the jury found that the cars had been in disrepair for some definite length of time before the accident, it would still have been a question of fact for it to find whether or not that was a sufficient length of time under all of the circumstances for it to have been discovered by the exercise of reasonable diligence. The Supreme Court of Kansas in a very recent case, Estes v. Edgar Zinc Co., 136 Pac. 910, in which case it was alleged that the apparatus for starting and stopping the conveyor belt was defective in that it would start in motion after having been thrown out of gear without any one having pulled the rope provided for that purpose; and the question was whether or not it had done so. Special interrogatories were submitted to the jury, among which were the following: "Q. 14. Did plaintiff throw said drive belt out of gear before descending into the basement? A. Yes. Q. 15. Did said drive belt get into gear automatically after plaintiff went down into said basement? A. No evidence to show how it got back." The general verdict was for plaintiff. The court held that before a recovery could be had the jury must believe that a defect existed in the mechanism for shifting the belt, by reason whereof the latter would start in motion without any one pulling the rope provided for that purpose, and that the answer to question 15, "No evidence to show how it got back," left the matter in the situation of basing the verdict upon conjecture, and reversed the judgment. The case supports our view and we see no reason to change it.

Counsel have discussed a number of other points, but they were fully and at length argued in their brief and orally at the hearing and were then given consideration. However, we think on the questions here reconsidered alone, the defendant is entitled to a new trial.

There is another matter of pleading to which, perhaps, it may not be out of place at this time to call attention. Rule 23 of this court (104 Pac. XIV) requires that applications

for rehearing in any cause shall be by petition to the court. In this case the application is by motion. It is so styled, and is in form and phraseology a motion. We have, however, given it consideration as though properly pleaded; but do not wish our doing so considered as a precedent in future cases. The motion for rehearing is denied.

*Rehearing denied.*

SCOTT, C. J., concurs.

POTTER, J., did not participate.